## 58043. HULETT v. THE STATE.

DEEN, Chief Judge.

1. On a probation revocation hearing, slight evidence will be sufficient to support a judgment revoking the probationary feature of the sentence. *Turner v. State,* 119 Ga. App. 117 (166 SE2d 582) (1969).

2. That the defendant was found, two hours after the theft of an automobile temporarily left with motor running in front of a liquor store, driving the automobile away from another liquor store, is sufficient evidence on such a hearing that the defendant stole the vehicle. *Queen v. State,* 131 Ga. App. 370 (1) (205 SE2d 921) (1974).

3. Additionally, the defendant here admitted escaping from the Macon Diversion Center for alcoholics to which he had been sent for his alcohol problem and to being under influence of intoxicants, both of which acts were in violation of the terms of his probation.

4. "The Court of Appeals is a court for the correction of errors of law only, and has no jurisdiction to hear

evidence aliunde the record or to decide disputed issues of fact." *Jones v. Smith,* 83 Ga. App. 798 (1) (65 SE2d 188) (1951). The transcript of a hearing occurring after the parole revocation judgment is not part of this case; it was apparently included at the instance of the state for the purpose of indicating that the defendant had given contradictory testimony in a subsequent criminal proceeding. That case has nothing to do with this one and the transcript therein will not be considered by this court for any purpose.

5. Motions for continuance generally lie within the discretion of the trial judge. *Wellons v. State,* 144 Ga. App. 218 (2) (240 SE2d 768) (1977). Where the witness has not been subpoenaed (in this case two witnesses: the defendant's fiancee and a person from whom he claimed to have purchased the stolen automobile) and where other statutory requirements have not been met, it is not an abuse of discretion to refuse a postponement of the hearing in order to subpoena these persons. *Carroll v. Crawford,* 218 Ga. 635 (129 SE2d 865) (1963).

6. In the face of disputed testimony, that for the state clearly showing that there was no coercion, the introduction in evidence of a waiver of counsel and a confession of automobile theft, was not error.

Revocation of the probationary features of the defendant's sentence was not an abuse of the court's discretion.

*Judgment affirmed. Birdsong and Carley, JJ., concur. Shulman, J., not participating.*

SUBMITTED MAY 30, 1979 — DECIDED JUNE 19, 1979.

*Hall, Bloch, Garland & Meyer, William D. Harrison,* for appellant.

*W. Donald Thompson, District Attorney, Willis B. Sparks, III, Assistant District Attorney,* for appellee.