### 36932. WHITTINGTON v. WHITTINGTON.

MARSHALL, Justice.

The appellee husband sued the appellant wife for divorce on the ground that their marriage is irretrievably broken. Code Ann. § 30-102 (13). The wife filed an answer denying that the marriage is irretrievably broken, and she requested that she be awarded separate maintenance. The husband filed a motion for summary judgment on the issue of divorce, together with a supporting affidavit. The wife opposed the husband's motion for summary judgment, and she filed a counter-affidavit. The trial judge granted the husband's motion for summary judgment. The wife appeals. We reverse.

If, in a divorce proceeding, one of the parties moves for summary judgment on the issue of no-fault divorce and the other party opposes the motion by filing an affidavit expressing that party's opinion that the marriage is not irretrievably broken and there are genuine prospects for reconciliation, summary judgment should be denied. *Dickson v. Dickson,* 238 Ga. 672, 675 (235 SE2d 479) (1977). In the wife's affidavit here, she expressed her opinion that the marriage is not irretrievably broken and she set forth evidentiary facts in support thereof, i.e., that she and her husband have cohabited since the date of the separation and that there have been discussions between them concerning the prospect of reconciliation.

In his appellate brief, the husband alludes to certain events which have transpired since the grant of his motion for summary judgment, and he argues that testimony given by the wife in a postjudgment deposition appended to his brief supports the trial judge's grant of summary judgment. However, this deposition was not considered by the trial judge. Therefore, it cannot be considered on appeal. See, e.g., *Hulett v. State,* 150 Ga. App. 367 (4) (258 SE2d 48) (1979).

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 2, 1981.

*Nation, Maddox & Starnes, Jeffrey M. Starnes,* for appellant.
*Sarah K. Walls, Samuel N. Frankel,* for appellee.