## 37493. ROBINSON v. ROBINSON.

PER CURIAM.

Appellee-husband brought an action for divorce, alleging that he and his wife have been living in a state of bona fide separation since 1974, and that the marriage is irretrievably broken. Appellant filed an answer in which she admitted her husband's allegation regarding bona fide separation, but denied that the marriage was irretrievably broken. Although appellant prayed that the petition for divorce be denied, she brought a counterclaim for temporary and permanent alimony, as well as "an appropriate allotment from [appellee's] Army retirement funds for the payment of alimony."

Appellee moved for summary judgment "as to the matter of divorce between the parties" and submitted an affidavit in support of the motion. In response, appellant submitted her affidavit, "specifically deny[ing] that the marriage is irretrievably broken" and asserting that she "remain[s] hopeful that a reconciliation can be effective." The trial court granted appellee's motion. Issues of alimony and division of property were reserved for trial. We granted appellant's application for appeal. Code Ann. § 6-701.1.

Appellant asserts that, in view of her affidavit, the trial court erred in granting the divorce. We must agree. This court has recently held: "If, in a divorce proceeding, one of the parties moves for summary judgment on the issue of no-fault divorce and the other party opposes the motion by filing an affidavit expressing that party's opinion that the marriage is not irretrievably broken and there are genuine prospects for reconciliation, summary judgment should be denied. *Dickson v. Dickson,* 238 Ga. 672, 675 (235 SE2d

479) (1977)." *Whittington v. Whittington,* 247 Ga. 79 (274 SE2d 333) (1981). Under *Dickson* and *Whittington,* appellant's affidavit is sufficient to preclude the grant of summary judgment on the issue of no-fault divorce.

*Judgment reversed. All the Justices concur, except Weltner, J., who dissents.*

DECIDED NOVEMBER 4, 1981.

*John C. Bell, Jr.,* for appellant.
*Nicholson & Nicholson, Sam G. Nicholson,* for appellee.