S92A0897. CAIN v. THE STATE.
(422 SE2d 535)

CLARKE, Chief Justice.

On January 23, 1992, the Gwinnett County Superior Court convicted Jonathan Douglas Cain of ten counts of selling cocaine in violation of the Georgia Controlled Substances Act. This was Cain's second drug sale conviction; in May 1990, the same court had sentenced Cain to 15 years in prison for selling cocaine. Appellant challenges the constitutionality of OCGA § 16-13-30 (d) which requires a mandatory life sentence for a second conviction. We find no error and affirm.[1]

On September 24, 1991, a Gwinnett County Grand Jury indicted Cain on 14 counts of selling cocaine to undercover police officers in violation of the Georgia Controlled Substances Act. The trial court found Cain guilty of ten counts of selling cocaine and sentenced Cain to life imprisonment on each count as required by OCGA § 16-13-30 (d).

1. Appellant contends that OCGA § 16-13-30 (d) is unconstitutional under the federal and state constitutions because a mandatory life sentence is grossly disproportionate to the severity of his crime. This case is controlled by our decision in *Hall v. State,* 262 Ga. 596 (422 SE2d 533) (1992), upholding the constitutionality of OCGA § 16-13-30.

2. Appellant also argues that OCGA § 16-13-30 is unconstitutional because it is applied in a racially discriminatory manner. He contends that the State uses this Code section to prosecute blacks more often than whites and that the State's selective prosecution is unconstitutional. Appellant has not shown that his conviction was the result of invidious discrimination.

To prove unlawful discrimination in the prosecutorial charging decision, the appellant has the burden of proving "the existence of purposeful discrimination." *Whitus v. Georgia,* 385 U. S. 545, 550 (87 SC 643, 17 LE2d 599) (1967). Thus, he must prove that the deci-

---

[1] The crimes were committed between April 23, 1991, and May 24, 1991. Appellant was convicted and sentenced to life imprisonment on January 23, 1992. On January 16, 1992, appellant filed his second amendment to his motion to dismiss all counts. The trial court denied appellant's motion on January 23, 1992. The notice of appeal was filed on February 18, 1992 and amended on March 4, 1992. The case was docketed on April 20, 1992, and submitted for decision on June 5, 1992.

sionmaker *in his case* acted with discriminatory purpose. *McCleskey v. Kemp*, 481 U. S. 279, 292 (107 SC 1756, 95 LE2d 262) (1987).

Appellant has produced, from several sources, various statistics, articles, and charts showing that blacks are more likely to be imprisoned for drug offenses than are whites. Appellant attached these statistics to his Motion to Dismiss, but they have not been analyzed by any expert. We do not find appellant's statistics to be conclusive. Appellant has not offered any evidence specific to his own case that would support an inference that racial considerations played a part in the prosecution's decision to charge appellant.

Appellant's statistics fail to prove an essential element necessary in a selective prosecution case, i.e., that the prosecution engaged in a deliberate selective process of enforcement based on race. *Oyler v. Boles*, 368 U. S. 448 (82 SC 501, 7 LE2d 446) (1962).

*Judgment affirmed. Bell, P. J., Fletcher and Sears-Collins, JJ., concur; Hunt and Benham, JJ., concur in the judgment only.*

DECIDED NOVEMBER 19, 1992.

*Larry L. Duttweiler,* for appellant.

*Thomas C. Lawler III, District Attorney, Pamela D. South, Debra K. Turner, Assistant District Attorneys,* for appellee.