## A94A1308. EDMOND v. THE STATE.
### (448 SE2d 775)

SMITH, Judge.

Ronnie Bruce Edmond was charged with four counts of burglary and one charge of theft by receiving stolen property. He pled guilty to reduced charges of receiving stolen property and was sentenced to time served. He then filed this pro se appeal, alleging that his counsel rendered ineffective assistance and that his conviction was obtained pursuant to an unlawful arrest and an unconstitutional search and seizure. The State has not filed a brief.

Edmond was first represented on these charges by the Laurens County Public Defender. At Edmond's request, the court relieved the public defender from further representation of Edmond and appointed private counsel. Second counsel was subsequently relieved and replaced by other appointed private counsel, appellant's third counsel. Appellant complained below of the ineffectiveness of third counsel despite the fact that counsel had filed numerous motions on appellant's behalf.

After considering appellant's request for another change of counsel, the trial court granted the request and appointed another private counsel, appellant's fourth. In a well-considered order, the court reviewed the various appointments of counsel and the circumstances surrounding them and cautioned Edmond against filing pro se pleadings while represented. The court also advised Edmond, citing *United States v. Moore,* 706 F2d 538, 539 (5th Cir. 1983), that his failure to cooperate with fourth counsel or his discharge of said counsel as ineffective would be construed as a waiver to his right to counsel.

At the pretrial hearing, Edmond changed his not guilty plea to a negotiated plea of guilty whereby he would be sentenced on reduced charges of theft by receiving to time served.[1] He signed the plea and initialed 16 statements setting forth his understanding of the plea

---

[1] Edmond served no additional time under the plea, but was sent to California under a "hold" resulting from federal charges.

bargain. A hearing was held at which Edmond was questioned extensively regarding those documents and the knowing and voluntary nature of the plea. Additionally, a factual basis for the plea was placed in the record through the testimony of the arresting officer. Edmond also testified unequivocally at that hearing that he was satisfied with his attorney's services on his behalf.

1. With a few limited exceptions not applicable here, a plea of guilty generally waives all defenses except that based on the knowing and voluntary nature of the plea. *Hooten v. State*, 212 Ga. App. 770 (442 SE2d 836) (1994). Once a defendant solemnly admits in open court that he is in fact guilty of the offense charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of his guilty plea. *Addison v. State*, 239 Ga. 622, 624 (238 SE2d 411) (1977). Edmond's attempted challenge to the guilty plea on the ground that his arrest was unlawful must therefore fail, because it does not fall within the very limited scope of those defenses allowable. Id. at 623-624.

2. In *Hill v. Lockhart*, 474 U. S. 52, 56 (106 SC 366, 88 LE2d 203) (1985), the Supreme Court held that the test enunciated in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), applies when guilty pleas are challenged based on ineffectiveness of counsel. Under these circumstances, to satisfy the second prong of the *Strickland* test a defendant must show there is a reasonable probability that but for counsel's deficiency he would not have pled guilty, but would have insisted upon going to trial. *Hill*, supra, 466 U. S. at 59.

Edmond appears to allege that fourth counsel made false representations to him in order to induce him to plead guilty. This completely belies his testimony at the plea hearing. Because of the extremely detailed nature of the record on the issue and because of the overwhelming nature of the evidence against him, we are satisfied that Edmond's plea was knowing and voluntary and that Edmond made an informed choice not to go to trial. As it is apparent as a matter of law that Edmond cannot meet the requirements of the *Strickland* test, we need not remand for a hearing on whether counsel was ineffective. *Brundage v. State*, 208 Ga. App. 58, 59 (430 SE2d 173) (1993).

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 26, 1994.

Ronnie B. Edmond, *pro se.*
*Ralph M. Walke, District Attorney,* for appellee.