### A95A2233. ANDERSON v. THE STATE.
(463 SE2d 502)

BLACKBURN, Judge.

Jody Anderson, who was sentenced to life imprisonment upon his second conviction for selling drugs, seeks to have his sentence vacated or modified on the grounds that it was racially discriminatory.

Anderson was indicted in three counts for violation of the Georgia Controlled Substances Act, sale of cocaine, in January 1993. As appellant had previously pled guilty to one count of the same offense in April 1991, the State filed a notice of intent to seek life sentence pursuant to OCGA § 16-13-30 (d). On February 9, 1993, with the assistance of counsel, appellant entered his plea of guilty to one count of violation of the Georgia Controlled Substances Act, sale of cocaine. Pursuant to a negotiated agreement, the other two charges were then dismissed. Prior to entering his plea, Anderson was informed by the trial court no less than five times that a life sentence would be imposed should appellant plead guilty. Anderson was also questioned at length about the services supplied by his counsel, and Anderson expressed no displeasure whatsoever with the advice or investigation performed by his attorney. After determining that Anderson understood the charges against him and that his guilty plea was made freely and voluntarily, the trial court imposed a life sentence.

Over two years later, on May 1, 1995, Anderson, proceeding pro se, filed a motion to modify or vacate sentence or petition for writ of prohibition or in the alternative motion for leave for an interlocutory appeal in forma pauperis to the Georgia Supreme Court. The trial court denied the motion, determining that it failed to state a claim upon which relief could be granted. The matter was initially appealed to the Georgia Supreme Court and was subsequently transferred here on jurisdictional grounds.

1. Anderson, who is black, asserts his life sentence was "motivated by evil intent and vindictive prosecution." Particularly, he asserts that OCGA § 16-13-30 (d), which permits life imprisonment upon a second conviction for certain drug-related offenses, is applied in a racially discriminatory manner. Anderson makes the unsupported assertion that 99 percent of the persons sentenced to life imprisonment in Colquitt County pursuant to OCGA § 16-13-30 (d) are black. Assuming arguendo that appellant's statistic was properly supported in the record, this statistic alone would be insufficient to prove intentional discrimination. *Stephens v. State*, 265 Ga. 356 (456 SE2d 560)

(1995); see also *Cain v. State*, 262 Ga. 598 (422 SE2d 535) (1992). As no evidence has been offered that (1) blacks in general or (2) appellant in particular has been selectively prosecuted under this statute in Colquitt County, appellant's claim fails. *Stephens*, supra.

2. Appellant also asserts that he received ineffective assistance of counsel at the time he entered his plea. "In *Hill v. Lockhart*, 474 U. S. 52, 56 (106 SC 366, 88 LE2d 203) (1985), the Supreme Court held that the test enunciated in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), applies when guilty pleas are challenged based on ineffectiveness of counsel. Under these circumstances, to satisfy the second prong of the *Strickland* test a defendant must show there is a reasonable probability that but for counsel's deficiency he would not have pled guilty, but would have insisted upon going to trial. *Hill*, supra, 466 U. S. at 59." *Edmond v. State*, 214 Ga. App. 707, 708 (448 SE2d 775) (1994). In this case, Anderson does not disclaim his guilty plea but asserts that he was not provided effective assistance of counsel at the "critical stage" of his sentencing. In light of the unequivocal testimony offered at his plea and sentencing hearing that he understood that a life sentence would be imposed should he plead guilty, and he had no complaints with the quality of his attorney's representation, Anderson made an informed choice not to go to trial. See *Edmond*, supra. As it is apparent as a matter of law that Anderson cannot meet the requirements necessary to demonstrate ineffective assistance of counsel as outlined in *Strickland*, we need not remand for an evidentiary hearing on whether his counsel was effective. Id.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 2, 1995 —
RECONSIDERATION DISMISSED NOVEMBER 1, 1995.

Jody Anderson, *pro se.*

H. Lamar Cole, *District Attorney,* A. Scott Gunn, J. David Miller, *Assistant District Attorneys,* for appellee.