## A97A0766. DANIEL v. THE STATE.
(488 SE2d 129)

ANDREWS, Chief Judge.

Mary Daniel appeals from her conviction of driving under the

influence of alcohol,[1] contending that the trial court erred in admitting certificates of the State-administered breath test in lieu of live testimony. Specifically, Daniel asserts that the document was hearsay and its admission violated her Sixth Amendment right to confrontation.

On December 21, 1995, officers Williams and Plough responded to an accident on the exit ramp of I-285 northbound at Lavista Road. They observed that Daniel had been involved in a two-car accident and that she had a strong smell of alcohol on her breath. The officers observed that she had difficulty standing, was slurring her speech, and had red, glazed eyes. Daniel admitted consuming alcohol before operating her vehicle.

Following a series of field sobriety tests, Daniel was arrested and charged with driving under the influence of alcohol. She submitted to a breath test using the Intoxilyzer 5000 and registered a .207 and .208 grams on her first and second tests. At trial, certificates for the Intoxilyzer 5000 were admitted into evidence showing that it was properly functioning both prior to and following Daniel's tests.

Daniel contends that admitting these certificates in lieu of live testimony violated her Sixth Amendment right to confrontation. In *Brown v. State*, 268 Ga. 76 (485 SE2d 486) (1997), the Supreme Court held that admission of certificates certifying the Intoxilyzer 5000 pursuant to OCGA § 40-6-392 (f) did not violate the defendant's Sixth Amendment right to confrontation, finding that "the confrontation clause does not necessarily prohibit the admission of hearsay statements against a criminal defendant but rather that such evidence can be used to support a criminal conviction *where the State has carried its burden of proving that the hearsay evidence bore sufficient indicia of reliability to withstand scrutiny under the confrontation clause. [Miller v. State, 266 Ga. 850,] 853 [(472 SE2d 74) (1996)]."* (Emphasis supplied.) *Brown*, supra at 77.

In *Brown*, that indicia of reliability was provided by the State's proof that the certificates were admissible under "the firmly rooted hearsay exception for business records. . . ." Id. at 81.

As pointed out by Daniel, however, here the State did not prove the requisites of OCGA § 24-3-14, and the certificates were improperly allowed into evidence.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED JUNE 27, 1997.

*William C. Head*, for appellant.

---

[1] She was convicted of one count of OCGA § 40-6-391 (a) (1) (less safe to drive) and one count of OCGA § 40-6-391 (a) (4) (alcohol concentration of more than .10 grams).

*Ralph T. Bowden, Jr., Solicitor, Michael D. Johnson, W. Cliff Howard, Assistant Solicitors*, for appellee.