## A97A1585. HAMILTON v. THE STATE.
### (491 SE2d 485)

RUFFIN, Judge.

Following a bench trial, Kevin Paul Hamilton was convicted on charges of DUI, less safe to drive (OCGA § 40-6-391 (a) (1)) and per se (OCGA § 40-6-391 (a) (4)); improper lane change; and possession of an open container of alcohol while operating a vehicle. On appeal, Hamilton challenges the State's proof of venue and the evidence supporting his less safe DUI and improper lane change convictions. He also claims the trial court erred by admitting the Intoxilyzer 5000 breath test results without a proper foundation. Because we find merit in this latter enumeration, we reverse the conviction in part.

1. In his first enumeration, Hamilton claims the State failed to prove venue by proving the offenses occurred in Fulton County. The State is required to prove venue beyond a reasonable doubt. *Minter v. State*, 258 Ga. 629 (1) (373 SE2d 359) (1988). Under the current state of the law, however, "when the evidence is not conflicting and when no challenge to venue is raised at trial, slight evidence is sufficient to prove venue. [Cit.]" Id.[1] Here, evidence showed a Fulton County police officer witnessed Hamilton commit the alleged offenses in the area of Old Alabama Road and Medlock Bridge Road. He stopped Hamilton's vehicle, investigated the situation, and arrested him. "There was and is no contention that the [officer] acted outside his territorial jurisdiction. [Cits.] Thus[,] the State is at least entitled to an inference that [the officer] acted with authority, which would be within [Fulton] County. It is a well settled principle that public officials shall be presumed to have performed their duties unless clearly proven otherwise. [Cits.]" (Punctuation omitted.) *Hunter v. State*, 191 Ga. App. 219, 220 (381 SE2d 525) (1989); see also *Minter*, supra at 629-630 (evidence that Griffin police department investigated incident supports finding of venue under "slight evidence" rule); *Sawyer v. State*, 217 Ga. App. 406, 409 (2) (457 SE2d 685) (1995). Therefore, the evidence supports a finding that the State Court of Fulton County was the proper venue for prosecution.

2. Because Hamilton contends the State did not adequately prove he was "less safe" to drive pursuant to OCGA § 40-6-391 (a) (1), we review the evidence in a light most favorable to the verdict under the standards set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The officer testified that he pulled behind

---

[1] I question the appropriateness of a rule allowing "slight evidence" to prove venue. Such a rule abrogates the State's burden of proving every element of the offense, including venue, *beyond a reasonable doubt*. See *Brinkworth v. State*, 222 Ga. App. 288, 291 (474 SE2d 9) (1996) (Ruffin, J., dissenting). Nevertheless, the "slight evidence" rule is still the law, and I am constrained to follow it.

Hamilton at a red light. When the light turned green, Hamilton did not react for six seconds. Hamilton finally turned left and drove 30 mph down a four-lane road for almost a mile, weaving back and forth across clearly marked lane lines. When the officer stopped him, Hamilton smelled strongly of alcohol, exhibited bloodshot eyes and "thick-tongued" speech, reacted slowly to the officer's directions, and walked unsteadily. The officer administered field sobriety tests, as he was trained to do, and Hamilton performed poorly. On the "walk and turn" test, Hamilton lost his balance during the officer's instructions, stepped off the imaginary line, and failed to walk "heel to toe," as instructed. During the "one-leg stand" test, Hamilton was unable to keep his foot raised, he "swayed" while standing on one foot, and he raised his arms for balance. Hamilton also displayed a "nystagmus," or jerking of the eyes, associated with intoxication.

Based on his observations of the defendant, as well as Hamilton's performance on the standardized field sobriety tests, the officer concluded Hamilton was intoxicated to the point that he was less safe to drive. This evidence adequately supports the "less safe" DUI verdict. See *Ayers v. City of Atlanta*, 221 Ga. App. 381 (1) (471 SE2d 240) (1996).

3. Sufficient evidence supports the trial court's finding that Hamilton did not maintain his vehicle "as nearly as practicable within a single lane" and weaved from lane to lane without "first ascertain[ing] that such movement [could] be made with safety." OCGA § 40-6-48 (1). Contrary to Hamilton's argument, the officer's citation and the solicitor-general's accusation charged him with this offense rather than the offense of failure to signal a lane change, as set forth in OCGA § 40-6-123. The officer's testimony, construed strongly in favor of the State, enabled the trier of fact to find beyond a reasonable doubt that Hamilton weaved back and forth on the four-lane road, crossing both the outside lane line and the dividing line between the lanes of travel. This enumeration is, therefore, without merit. See *Jackson v. Virginia*, supra.

4. However, we find merit in Hamilton's claim that the trial court erroneously admitted the Intoxilyzer 5000 breath test results, allowing the State to build this portion of its case on a defective foundation. Prior to introducing these breath test results, the State was required by OCGA § 40-6-392 (a) (1) (A) to show the Intoxilyzer 5000 was properly maintained and in good working order. The State introduced certificates of inspection in support of this foundation, as allowed by OCGA § 40-6-392 (f).

However, the Supreme Court held in *Brown v. State*, 268 Ga. 76 (485 SE2d 486) (1997), that to be admissible over a hearsay objection, such inspection certificates must bear "sufficient indicia of reliability to withstand scrutiny under the confrontation clause." Id. at 77. In

*Brown*, the State satisfied that prerequisite by showing the certificates to be admissible under the "business records" exception to the hearsay rule.

Here, the State laid no foundation for the inspection certificates other than testimony describing them and showing that they were "maintained in the log book for the [Intoxilyzer 5000]." Because the State failed to show the documents were business records or otherwise prove they "bore sufficient indicia of reliability," *Brown*, supra, the breath test results were erroneously admitted. See *Daniel v. State*, 227 Ga. App. 92 (488 SE2d 129) (1997). Therefore, Hamilton's "per se" DUI conviction cannot stand and must be reversed.

Under the circumstances, however, we find it highly probable that the erroneous admission of the Intoxilyzer 5000 results did not contribute to the verdict on the "less safe" DUI charge. The above-recited evidence provided overwhelming support for the trial court's conclusion that Hamilton was "less safe" to drive as a result of alcohol intoxication. See *Parrish v. State*, 216 Ga. App. 832, 833 (2) (456 SE2d 283) (1995); *Jones v. State*, 200 Ga. App. 666 (2) (409 SE2d 251) (1991). Although the remaining convictions stand, the "per se" DUI conviction is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment affirmed in part, reversed in part, and case remanded with direction. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 27, 1997 —

*James M. Mullis*, for appellant.

*Carmen Smith, Solicitor, Cynthia G. Strong-McCarthy, Karlise Y. Grier, Assistant Solicitors*, for appellee.