A98A0596. PAYNE v. THE STATE.
(502 SE2d 526)

BEASLEY, Judge.

Payne appeals his convictions of driving under the influence of alcohol to the extent that it is less safe to drive, OCGA § 40-6-391 (a)

---

(1), and driving with an alcohol concentration of 0.10 grams or more, OCGA § 40-6-391 (a) (5). Since the same incident gave rise to both charges, the court merged the verdicts in sentencing.

1. Payne charges the trial court with error in denying a motion to suppress evidence which he filed before trial and then renewed at trial. He maintains that a roadblock stop that culminated in his DUI arrest "violated his right to be free from unreasonable searches and seizures under the Fourth Amendment as adopted in Georgia law." He also challenges the sufficiency of the evidence to show that the decision to implement the roadblock was made by supervisory law enforcement officers.

As to the constitutional ground, the Fourth Amendment stands on its own to protect the rights it expresses. It is not "adopted in Georgia law" but rather must be applied in Georgia, as in every jurisdiction within the United States, directly. Payne's argument is founded on federal constitutional law alone, so we will address only that. Georgia law construing it, following and in harmony with pronouncements of the United States Supreme Court, governs.[1]

" ' "It has been held that police officials may set up highway roadblocks for the purpose of requiring motorists to display their driver's license, and that such a practice does not invade their right to use the public ways free from unreasonable and unwarranted interception. Nor does such a practice constitute an unlawful arrest or restraint or an illegal search contrary to the United States Constitution." (Cit.)' "[2]

The applicable factors to be considered in determining the validity of a roadblock are whether (1) the decision to implement the roadblock was made by supervisory personnel; (2) all passing vehicles were stopped, leaving no discretion to the officers as to which vehicles to stop; (3) the delay experienced by passing motorists was minimal; and (4) the operation was well identified as a police checkpoint.[3] "These factors are 'not absolute "bright-line, black-letter" require-

---

[1] Par. XIII of Sec. I of the Georgia Bill of Rights is referenced as the "primary" basis of reliance near the end of appellant's argument in support of the enumeration. But this independent ground is not before us. Although the Georgia Constitution in general was asserted in tandem with the United States Constitution during the hearing on the motion, no rationale was developed and the trial court did not rule on this as an independent basis. It simply was not raised or ruled on in the trial court. Nor is it properly presented on appeal. It will not be considered. See, e.g., *Marr v. Dept. of Ed.*, 264 Ga. 841 (452 SE2d 112) (1995) (party must elicit specific ruling or question to preserve it for appellate review); *Brantley v. State*, 226 Ga. App. 872, 873 (1) (487 SE2d 412) (1997).

[2] *Sapp v. State*, 188 Ga. App. 700, 701 (374 SE2d 114) (1988). Cf. *Michigan Dept. of State Police v. Sitz*, 496 U. S. 444 (110 SC 2481, 110 LE2d 412) (1990) (reasonableness of roadblock sobriety checkpoints).

[3] See *LaFontaine v. State*, 269 Ga. 251, 252 (3) (497 SE2d 367) (1998), citing *State v. Golden*, 171 Ga. App. 27, 29 (2) (318 SE2d 693) (1984); see also *Evans v. State*, 190 Ga. App. 856, 857 (380 SE2d 332) (1989).

ments, but (are) factors to consider in deciding whether there was a valid routine roadblock or the kind of isolated vehicle stop rejected by *Delaware v. Prouse*, 440 U. S. 648 (99 SC 1391, 59 LE2d 660).' [Cit.]"[4] The totality of the circumstances surrounding the roadblock governs whether the factors listed are satisfied.[5]

At the hearing on Payne's motion to suppress, the arresting officer testified that the roadblock in this case was established by various uniformed City of Lawrenceville police officers after they had responded to a disturbance call in the area, and that the purpose of the roadblock was to check driver's licenses. Payne was stopped at approximately 1:20 a.m. The officer's testimony, though contradicted by evidence submitted by Payne, was that the roadblock was conducted in a well-lit area, all passing motorists were stopped, there was minimal delay for the motorists, and patrol cars were positioned adjacent to the roadblock with their lights flashing.

The officer further testified that City of Lawrenceville police officers establish such roadblocks at random but departmental regulations require supervisory approval. According to the officer, approval is obtained from the on-duty supervisor unless another supervisory officer is present on the scene. At trial, the officer testified that there were two supervisory officers on duty at the time in question, and one of them was present at the roadblock. The officer acknowledged he did not personally know which of these two supervisors gave approval for the roadblock. Nevertheless his testimony concerning what transpired and how it came about, as well as its regulation base, authorized the court to infer that approval was given by the supervisory officer on the scene.

Construed most favorably to uphold the trial court's findings and judgment,[6] the evidence supports the determination that the roadblock in this case satisfied the four factors set out in *Golden* and *Evans*, was a valid routine license check rather than the type of isolated vehicle stop condemned in *Prouse*, and was not being used as a subterfuge to detain citizens for the purpose of searching their automobiles.[7]

Instructive also is that the protective aspects of the circumstances in this case differ from the factors identified as troublesome in *LaFontaine* (unfettered discretion; arbitrary or oppressive nature of roadblock; whimsical decision to stop; arbitrary scheme).

It was not error to deny either Payne's original or his renewed

---

[4] *Ledford v. State*, 221 Ga. App. 238, 240 (2) (470 SE2d 796) (1996).

[5] *Mims v. State*, 201 Ga. App. 277, 279 (2) (410 SE2d 824) (1991), overruled on other grounds, *Hooten v. State*, 212 Ga. App. 770 (442 SE2d 836) (1994).

[6] *Barrett v. State*, 212 Ga. App. 745, 746 (443 SE2d 285) (1994), and cits.

[7] See *Brisbane v. State*, 233 Ga. 339, 343 (211 SE2d 294) (1974).

motion to suppress.

2. Payne contends the court erred in allowing breath test results and Intoxilyzer 5000 certificates to be admitted in evidence as business records over his hearsay objection. Payne's argument that admission of the certificates violated his rights under the confrontation clause was rejected in *Brown v. State*,[8] which distinguished *Miller v. State* (the decision relied on by Payne).[9]

The arresting officer testified that such certificates are made in the ordinary course of business of the Lawrenceville Police Department, that it is the ordinary course of business of the department to maintain such records, and that the witness is familiar with the methods by which such records are kept. The certificates of inspection were prepared on the dates the inspections were conducted. Unpersuasive is Payne's argument that the State did not lay a proper foundation for admission of the certificates as business records. The requirements of OCGA § 24-3-14 were met.[10]

The results of the breath test were admitted in evidence over an objection by Payne based on grounds not argued on appeal, so this issue is not addressed.

3. Finally, Payne contends that testimony elicited from a defense witness on cross-examination by the State improperly placed his character in issue. The witness' testimony as to the manner in which the roadblock was conducted conflicted with that given by the arresting officer. Both the defense witness and Payne were employed as corrections officers by the State of Georgia. In cross-examining the witness, the State sought to show that a DUI conviction would adversely impact Payne's employment. The court overruled Payne's objection, accepting the State's argument that this line of questioning would show motive for the witness' testimony. The ruling was not an abuse of discretion.

*Judgment affirmed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 20, 1998.

*R. C. Cougill*, for appellant.

---

[8] 268 Ga. 76 (485 SE2d 486) (1997).

[9] 266 Ga. 850 (472 SE2d 74) (1996).

[10] See *Oldham v. State*, 205 Ga. App. 268 (1) (422 SE2d 38) (1992); compare *Daniel v. State*, 227 Ga. App. 92 (488 SE2d 129) (1997). The Supreme Court of Georgia's recent decision in *Fantasia v. State*, 268 Ga. 512, 514 (3) (491 SE2d 318) (1997), which held that photocopies of the inspection certificates were admissible under OCGA § 24-5-4 (a), implied that inspection certificates as such qualify as business records.

*Gerald N. Blaney, Jr., Solicitor, Scott A. Drake, Assistant Solicitor*, for appellee.