A98A1750. HALTHON-HOWARD v. THE STATE.
(506 SE2d 415)

ELDRIDGE, Judge.
Defendant-appellant Lynnell F. Halthon-Howard was arrested on November 9, 1997, and charged with criminal trespass under OCGA § 16-7-21 (b) (3). According to the accusation, Howard remained on the premises of the New Birth Missionary Baptist Church after a church official asked her to leave; the underlying facts which resulted in her arrest are not at issue in this appeal. Following a jury trial on March 27, 1998, Howard was convicted of criminal trespass. Without moving for a new trial, Howard filed this direct appeal pro se. We affirm her conviction.

1. In her first enumeration of error, Howard asserts that the trial court abused its discretion in denying her motion for continuance. However, "[a]ll applications for continuances are addressed to the sound legal discretion of the court and, if not expressly provided for, shall be granted or refused as the ends of justice may require." OCGA § 17-8-22. Such grant or denial of a continuance will not be disturbed absent a showing of an abuse of discretion. *Brown v. State*, 214 Ga. App. 733, 735 (2) (449 SE2d 136) (1994).

Further, in order to secure a continuance based upon the absence of witnesses, the requesting party must demonstrate that he or she has used due diligence in securing the attendance of such wit-

nesses. OCGA §§ 17-8-20; 17-8-25. "Where the witness has not been subpoenaed . . . and where other statutory requirements have not been met, it is not an abuse of discretion to refuse a postponement of the hearing in order to subpoena these persons. [Cit.]" *Hulett v. State*, 150 Ga. App. 367, 368 (5) (258 SE2d 48) (1979). See also *Brown v. State*, 169 Ga. App. 520, 521 (1) (313 SE2d 777) (1984); *Bryant v. State*, 164 Ga. App. 543 (298 SE2d 272) (1982).

The record before this Court clearly supports the trial court's denial of a continuance. Howard was arrested in November 1997. In a related complaint she filed on November 14, 1997, with the Internal Affairs Section of the DeKalb County Police Department, Howard asserted that church members witnessed the events leading to her arrest. However, these witnesses were never identified, questioned, or subpoenaed, even though more than four months had passed between the November 1997 incident and the pretrial hearing on March 25, 1998.

The record contains a copy of a March 24, 1998 letter from Howard to her counsel demanding that counsel take depositions of all of the State's witnesses and also demanding a continuance so subpoenas could be issued for, inter alia, every church member in attendance during two church services on November 9, 1997; any other (unnamed) witnesses "that would like to testify on my behalf"; all church "security staff/members"; and "all solicitors, Judges, Attorneys, and all other court officials associated with the litigation of this case to reveal their religious denomination to ensure a fair and just trial."

At the pretrial hearing the next day, Howard again insisted on a continuance, alleging that she needed the list of all the members of the congregation who gave money to the church on November 9, 1997, so she could identify "fifteen" people who may have witnessed the incidents leading to her arrest; once identified, Howard claimed that she would subpoena some members to testify on her behalf. However, Howard admitted that she did not know the names of any potential witnesses and that she knew only "three or four people" at the church after attending services there for two years. Howard was unable to explain how she would pick out the names of potential witnesses from a list of several thousand people.

In fact, as the trial court noted at the pretrial hearing, Howard was able to identify only one witness that she wanted to subpoena, and Howard admitted that she had not asked the witness whether or not she was even present in church on the day of the incident. Further, defense counsel told the court that she had been prepared to subpoena the witness, but that Howard had failed to provide her with an address or phone number for the witness.

These facts evince a lack of due diligence in securing the wit-

nesses that supports a denial of a continuance. There was no abuse of discretion.

2. In her second enumeration of error, Howard claims ineffective assistance of counsel, alleging that counsel failed to contact defense witnesses and to prepare a defense. However, Howard failed to raise this issue in a motion for a new trial following her conviction and, therefore, waived her right to raise this issue upon appeal. *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996); *Chatman v. State*, 265 Ga. 177, 178 (2) (453 SE2d 694) (1995); *Brown v. State*, 251 Ga. 598, 601 (3) (308 SE2d 182) (1983).

Even absent such waiver, we find that it is unnecessary to remand the issue to the trial court because, as a matter of law, the record does not support Howard's assertions. See *Elliott v. State*, 230 Ga. App. 855, 858 (4) (c) (497 SE2d 817) (1998); *Anderson v. State*, 218 Ga. App. 872, 873 (2) (463 SE2d 502) (1995). "To succeed on a claim of ineffective assistance of counsel, a defendant must show trial counsel's performance was deficient and that it prejudiced the defendant's defense so as to deprive him of a fair trial; in the absence of evidence to the contrary, there is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance. *Earnest v. State*, 262 Ga. 494, 496 (5) (422 SE2d 188) [(1992)]." (Emphasis omitted.) *Elliott v. State*, supra, 230 Ga. App. at 858-859 (4) (c). See also *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

The record in this case contains defense counsel's request for a copy of the accusation and a list of the State's witnesses, various discovery motions, and numerous requests to charge. There is no transcript of the trial, but the transcript of the pretrial hearing shows that defense counsel told the trial court that she discussed with Howard the practicalities involved in identifying potential witnesses from a long list of church members. Counsel stated that she had explained to Howard the evidentiary problems associated with utilizing character reference letters during trial, while promising Howard that the letters could be used during sentencing, if necessary. Counsel also noted that she had contacted every witness on the State's list "weeks ago," and had prepared a "viable" defense, although she declined to expose her trial strategy at the hearing. Therefore, the record in this case does not support Howard's assertion of counsel's "total failure" to interview witnesses or otherwise prepare a defense.

Further, Howard is unable to demonstrate that the outcome of her trial would have been different but for counsel's alleged deficient performance. "The failure of trial counsel to employ evidence cannot be deemed to be 'prejudicial' in the absence of a showing that such evidence would have been relevant and favorable to the defendant. Because [Howard] failed to make any proffer of the uncalled wit-

nesses' testimony, it is impossible for [her] to show there is a reasonable probability [that] the results of the proceedings would have been different." (Citations and punctuation omitted.) *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995), quoting *Ponder v. State*, 201 Ga. App. 388 (1) (411 SE2d 119) (1991). See also *Brown v. State*, supra, 251 Ga. at 600-601 (3); *Waddell v. State*, 224 Ga. App. 172 (480 SE2d 224) (1996). Accordingly, Howard failed to carry her burden in establishing ineffective assistance of counsel.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 3, 1998.

Lynnell F. Halthon-Howard, *pro se.*

*Ralph T. Bowden, Jr., Solicitor, Raymond J. Burby IV, W. Cliff Howard, Assistant Solicitors*, for appellee.