A98A1735. BRANDON v. THE STATE.
(511 SE2d 573)

Judge Harold R. Banke.

John Brandon was convicted of two counts of driving while intoxicated, speeding and exceeding the maximum posted speed limit.[1] He enumerates three errors on appeal.

This case arose as Brandon returned home from a dinner date during which he consumed several alcoholic beverages. The arresting officer initially stopped Brandon for speeding, but detected the odor of alcoholic beverages emanating from the car and asked Brandon to perform several field tests. When the results were mixed and Brandon registered positive on the alco-sensor, the officer arrested him and drove to the station for further testing.

There, Brandon submitted to breath testing on an Intoxilyzer 5000. The results registered .114, over the legal limit. *Held*:

1. Brandon contends that the trial court erred in admitting the Intoxilyzer 5000 results because the State failed to lay the proper foundation under the business records exception to the hearsay rule.

---

[1] For sentencing purposes, Count 2, driving with an unlawful alcohol concentration, merged with Count 1, a less safe to drive charge, and the exceeding the posted speed limit charge merged with the speeding charge.

We disagree.

Prior to the admission of the test results, the State was required to establish that the Intoxilyzer 5000 was properly maintained and in good working order. *Hamilton v. State*, 228 Ga. App. 285, 286 (4) (491 SE2d 485) (1997). A properly prepared and executed certificate of inspection may be used to satisfy this requirement. *Gidey v. State*, 228 Ga. App. 250, 251 (1) (491 SE2d 406) (1997). The admission of such certificates may depend on foundational proof satisfying the business records exception to the hearsay rule. *Payne v. State*, 232 Ga. App. 591, 594 (2) (502 SE2d 526) (1998); but see *State v. Haddock*, 235 Ga. App. 726 (510 SE2d 561) (1998) (finding that OCGA § 40-6-392 (f) renders proof under the business records exception unnecessary).

Here, the certificates of inspection were admitted without objection. The patrolman who offered the documents testified that they were generated in the police department's ordinary course of business, made at the time the machine was inspected, and kept alongside the machine. OCGA § 24-3-14 (b). This evidence was sufficient to satisfy the foundational requisites for the admission of the certificates of inspection as business records. Id.; see *Payne*, 232 Ga. App. at 594 (2).

2. Brandon argues that the trial court erred in allowing the operating officer to testify that the Intoxilyzer 5000 was working properly because the machine did not provide a printout verifying its self-diagnostic test. He maintains that such testimony was sheer speculation.

The officer testified that just prior to running the test on Brandon, the Intoxilyzer 5000 ran a diagnostic test on itself. He stated the machine was designed to shut down if anything was wrong and it performed properly during Brandon's tests. He also testified that he was trained to run the machine and he followed the methods and procedures taught by the Georgia Bureau of Investigation Division of Forensic Sciences. His permit to operate the machine was read into evidence. This is sufficient to refute Brandon's contention that the evidence used to establish that the machine was working properly was speculative. *Gidey*, 228 Ga. App. at 251-252 (1); see *Bankers Health &c. Ins. Co. v. Fryhoffer*, 114 Ga. App. 107, 110 (1) (150 SE2d 365) (1966).

3. Brandon contends that the trial court abused its discretion in denying his motion for continuance to permit his expert witness to attend. Assuming, arguendo, that Brandon properly preserved this enumeration, denial of the motion for continuance was well within the trial court's discretion.

To warrant a continuance based upon the absence of a witness, the requesting party must show due diligence in securing the wit-

ness' attendance. *Halthon-Howard v. State*, 234 Ga. App. 229-230 (1) (506 SE2d 415) (1998); OCGA §§ 17-8-20; 17-8-25. Absent a showing that the witness was subpoenaed and where other statutory requisites are unsatisfied, the denial of a continuance does not constitute an abuse of discretion. *Halthon-Howard*, 234 Ga. App. at 230.

The record shows that the trial court granted Brandon at least one previous continuance to secure this same witness. Brandon offered no evidence that he was properly subpoenaed. In these circumstances, we cannot say the trial court abused its discretion. *Halthon-Howard*, supra. Moreover, without a proffer of the witness' testimony, we cannot gauge the harm, if any, his absence caused. See *Brown v. State*, 169 Ga. App. 520, 521 (2) (313 SE2d 777) (1984).

*Judgment affirmed. Pope, P. J., and Beasley, P. J., concur.*

DECIDED FEBRUARY 3, 1999.

*Sharon L. Hopkins*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, Tracy S. Drake, Assistant Solicitor*, for appellee.