A00A0142. HUNTLEY v. THE STATE.
(535 SE2d 270)

BARNES, Judge.

Thomas Samuel Huntley appeals his convictions for trafficking in cocaine and possession of a firearm by a convicted felon. After his convictions, he was sentenced to life in prison on the trafficking charge and five years on the other charge to run concurrently with the life sentence. Contending the trial court erred by denying his motions to suppress and for a new trial, Huntley appeals. For the reasons stated below, we affirm Huntley's convictions.

1. In his motion to suppress, Huntley contended the evidence seized as a result of the execution of the search warrant at his house should have been suppressed because the facts presented to the issuing magistrate did not provide sufficient information to establish probable cause to issue a search warrant. Huntley claims that the significant information to support the warrant came from an unknown informant and the information known to the authorities was not sufficient to establish that the drugs were in his home. We disagree.

At the probable cause hearing, the police officer testified that the informant had always provided reliable information. For example, the officer's affidavit as well as his testimony at the motion to suppress hearing show that the officer worked with the confidential informant for several weeks on this case, including two controlled buys, and the information provided by the informant was confirmed by actual events. The officer testified that the informant described how a person named Thomas was selling drugs on a particular road, that Thomas used a pager to set up the sales, that Thomas responded promptly to the pages, and that Thomas selected the location where the transaction would take place. The controlled buys from Huntley occurred as the informant said they would, and after the final controlled buy, the informant told the officer that he saw two plastic bags of cocaine in Huntley's car. Although no such bags were found in the car when the police stopped Huntley, officers found two plastic bags on the side of the road along Huntley's route of travel where it was likely Huntley had thrown them. The officer also testified that when Huntley was selling drugs two years earlier, drugs were found in Huntley's home when a search was conducted. When the police

stopped Huntley, papers in his car provided his home address. Although the police officer did not know how the informant knew that drugs would be in Huntley's house, the informant told the officers that Huntley had more cocaine at his home.

When reviewing a trial court's decision on a motion to suppress, an appellate court's responsibility is to ensure that a substantial basis supported the decision. We construe the evidence most favorably to upholding the findings and judgment and adopt the trial court's findings on disputed facts and credibility of the witnesses unless they are clearly erroneous. Further, because the trial court is the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if any evidence supports them. *Morgan v. State*, 195 Ga. App. 732, 735 (3) (394 SE2d 639) (1990).

Further, when:

> determining whether probable cause supported issuance of a search warrant, a totality of the circumstances test is employed. The task of the issuing magistrate is simply to make a practical, common-sense decision *whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place.* And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.

(Citations and punctuation omitted; emphasis supplied.) *Sims v. State*, 207 Ga. App. 353, 354 (427 SE2d 842) (1993).

The trial court's order denying Huntley's motion to suppress found that using the totality of the circumstances test, the information provided the magistrate through the officer's affidavit and oral testimony constituted a substantial basis to issue the search warrant for Huntley's home. The record before us supports that conclusion.

We are satisfied that the information provided to the magistrate was sufficient to establish the informant's reliability. Consequently, the officer was entitled to rely upon the informant's statement that more drugs were to be found in Huntley's house. Moreover, under appropriate circumstances a police officer seeking a search warrant "may reasonably infer that items connected with a crime will be found in a specific location." *Williams v. State*, 251 Ga. 749, 795 (8) (b) (ii) (312 SE2d 40) (1983). Accord *Duckworth v. State*, 246 Ga. 631, 634 (3) (272 SE2d 332) (1980); *Murphy v. State*, 238 Ga. 725, 727-728 (1) (234 SE2d 911) (1977) ("Under certain circumstances, it is reasonable for a police officer to infer that items will be found in a specific place. . . . No more is required than a fair presumption; the probabilities are with the officer's conclusion.").

In this case, the officer knew that when Huntley previously sold drugs, he kept his supply of drugs in his home and that considering the apparent scope of Huntley's drug activities, he would have more than the cocaine found in the two bags. Thus, the officer reasonably inferred that more cocaine would be found in Huntley's home. *Murphy v. State*, supra, 238 Ga. at 727. As a substantial basis existed for the issuance of the warrant, the trial court did not err by denying the motion to suppress.

2. Huntley also alleges that the trial court erred by not reconsidering its ruling on his suppression motion during the hearing on his motion for new trial. Huntley claims that new evidence allegedly establishes that the police officer who applied for the search warrant made false statements to the issuing magistrate regarding a 1993 search warrant affidavit and, thus, the search warrant in this case was issued without probable cause.

The trial court concluded that the evidence Huntley raised regarding the 1993 affidavit came to light during trial. Huntley neither requested a recess to obtain and examine that earlier affidavit nor asked the court during the trial to reconsider its suppression ruling. Therefore, the trial court declined to reconsider the motion to suppress ruling. "The decision whether to set aside its previous order denying the motion to suppress was within the discretion of the trial court." *Pickens v. State*, 225 Ga. App. 792, 796 (1) (484 SE2d 731) (1997). We find no abuse of discretion.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED MAY 26, 2000

*Mitchell D. Durham*, for appellant.
*Patrick H. Head, District Attorney, William M. Clark, Debra H. Bernes, Maria B. Golick, Assistant District Attorneys*, for appellee.