## A07A0522. SCHRAMM v. THE STATE.
### (648 SE2d 392)

MIKELL, Judge.

After a jury trial, Thomas Kendall Schramm was convicted of possession of less than one ounce of marijuana. He was sentenced to serve twelve months, four days of which would be served in confinement on weekends and the remainder on probation. Schramm was also convicted and fined for a seat belt violation. In his pro se appeal, Schramm argues that the trial court erred when it denied his motions for a continuance, failed to compel a witness to appear, denied his motion to suppress, and failed to rule on several motions before the commencement of the trial. For the reasons stated below, we affirm.

At the hearing on Schramm's motion to suppress, Deputy Eric Johnson of the Dawson County Sheriff's Office testified that on September 9, 2004, he was operating a stationary radar device on State Route 52 when Schramm drove by. Johnson observed that Schramm was not wearing his seat belt so he followed him for a mile or so to confirm the seat belt violation before stopping Schramm. Johnson approached Schramm's vehicle and asked him for his driver's license and insurance information. Schramm complied, but as they talked, Johnson detected the odor of marijuana coming from Schramm's vehicle. Johnson then asked Schramm to step out of the vehicle.

Johnson observed through the rear window of Schramm's vehicle a blue fruit juice can that had been made into a homemade marijuana pipe. Johnson testified that he had seen the alteration of tin cans in the same manner for the purpose of smoking marijuana several times before. Johnson then searched Schramm's vehicle and found another altered tin can and several small pieces of a leafy substance that appeared to be marijuana around the console. Johnson then arrested Schramm for possession of marijuana and charged him with a seat belt violation.

1. In his first enumerated error, Schramm argues that the trial court erred by denying his motion for new trial, which was based on the trial court's denial of Schramm's motions for a continuance made on December 20, 2005, and May 15, 2006. We disagree.

(a) On December 20, 2005, the court held a hearing on Schramm's motion to suppress, in which he argued that there was no probable cause for the stop or the search of his vehicle. Schramm maintained

that he needed the testimony of Colonel Bill Hitchens, the Commissioner of the Department of Public Safety, to address the first prong of his motion, and asked the court to compel Hitchens's attendance.[1] Though it does not appear that Schramm served a subpoena on Hitchens to compel his attendance that day, the court acknowledged that Schramm had properly served a subpoena on Hitchens to appear on September 6, 2005, and Hitchens failed to appear. Notably, however, the record shows that the trial court specifically asked Schramm if he was going to ask for a continuance, and Schramm did not answer, but continued to talk about compelling Hitchens's attendance. The parties agreed to proceed with the motion to suppress hearing on the legality of the search, with the provision that Schramm would be able to address the first prong of his motion at a later date. At the end of the hearing, the trial judge informed Schramm that he would compel Hitchens's attendance but instructed Schramm to obtain a date from the court and to subpoena Hitchens for that date.

"Appellate courts review enumerations for correction of errors of law committed by the trial court — where motions or objections are properly presented for a ruling by the trial court."[2] Schramm did not move for a continuance of the hearing on the motion to suppress. Therefore, he has failed to preserve any error in this regard for appellate review.[3] Nonetheless, we must point out that despite his failure to move for the continuance, the effect of the trial court's ruling was to grant him a continuance to afford him the opportunity to subpoena Hitchens to testify. Therefore, his argument that the trial court failed to grant his continuance on this ground is not supported by the record.

(b) On May 15, 2006, the state announced ready for trial, and Schramm maintained that he was not ready because the court had not compelled the attendance of Hitchens. Schramm argued that he had relied on the court to subpoena the witness. The court instructed Schramm that he was required to subpoena the witness. After explaining to Schramm that the case was on a trial calendar and that motions for continuance should be filed ten days prior thereto, the trial court denied Schramm's motion for a continuance. "Whether to grant a motion for continuance is entirely within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion."[4] We find no such abuse here.[5]

---

[1] At the initial motions hearing on September 8, 2005, the trial court continued the hearing on Schramm's motion to suppress to allow him the opportunity to subpoena Hitchens.

[2] (Citation omitted.) *Anderson v. State*, 276 Ga. App. 216, 217 (1) (622 SE2d 898) (2005).

[3] Id.

[4] (Citation and punctuation omitted.) *Collum v. State*, 281 Ga. 719, 723-724 (5) (642 SE2d 640) (2007).

[5] See generally *Brandon v. State*, 236 Ga. App. 203, 204 (3) (511 SE2d 573) (1999) (denial

Schramm also argued that the court should have granted his motion for continuance because he had not received notice of trial. The court stated that there was a calendar call for trial, which Schramm admitted that he attended. Again, we find no abuse of discretion.

2. Schramm argues that the trial court erred when it did not compel his duly subpoenaed witness to testify as ordered. As discussed above in Division 1 (b), the trial court could not compel the witness to testify when Schramm failed to subpoena the witness.[6] More importantly, there is no evidence in the record that the trial court ever ordered the witness to appear. Although Schramm filed a motion to compel Hitchens's attendance, he did not secure an order on the motion, which he was required to do to preserve the alleged error.[7] We cannot find error with the trial court's failure to enforce an order it never issued.

3. In his third enumerated error, Schramm charges that the trial court erred because it should have heard his motion for disclosure of the nature and cause of the accusation before hearing other discovery motions, with the result that he was never informed of the nature and cause of "action" against him. When asked to explain the nature of his motion, Schramm said that it was "based on the fact that there was no warrant and there was a search conducted, that I asked the officer that I could not proceed in his criminal investigation without assistance of counsel, and he proceeded anyway." It appears that Schramm's motion was simply another avenue for him to challenge the trial court's ruling on the motion to suppress. As determined below in Division 4, the evidence supported the trial court's ruling on the motion to suppress.

4. In his fourth enumerated error, Schramm argues that the trial court erred when it denied his motion to suppress because there was no probable cause for the stop as the officer did not have a clear and unobstructed view as required by the statute, OCGA § 40-8-76.1 (f). We find no error.

> In considering an appeal from denial of a motion to suppress, this Court construes the evidence in favor of the trial court's ruling, and we review de novo the trial court's application of the law to undisputed facts. Additionally, we must defer to

---

of defendant's motion for continuance to permit his expert witness to attend trial was not abuse of discretion when trial court granted defendant at least one previous continuance to secure same witness and defendant offered no evidence that witness was properly subpoenaed).

[6] See OCGA § 17-7-191.

[7] See *Totino v. State*, 266 Ga. App. 265, 268 (3) (596 SE2d 749) (2004).

the trial court's determination on the credibility of witnesses, and the trial court's ruling on disputed facts must be accepted unless it is clearly erroneous.[8]

OCGA § 40-8-76.1 governs the use of seat belts. Subsection (f) provides that "[p]robable cause for violation of this Code section shall be based solely upon a law enforcement officer's clear and unobstructed view of a person not restrained as required by this Code section." There was evidence to support a finding that Johnson had a clear and unobstructed view of Schramm. Johnson testified that he followed Schramm and was able to confirm the violation because he could see Schramm's head, the post from where the seat belt would have been pulled, and the fact that the seat belt was not engaged. The testimony of a single witness is sufficient to establish a fact.[9] While Schramm maintains that he was wearing his seat belt, the trial court credited the officer's testimony, and we must defer to the trial court's finding as to the credibility of witnesses.[10] Therefore, we find that the evidence supported the trial court's finding that probable cause existed to stop Schramm.

5. Schramm contends in two enumerations of error that the trial court erroneously denied his motion for reconsideration of its ruling on his motion to suppress, arguing that the officer did not have a clear and unobstructed view and that Hitchens was not compelled to testify. The decision of whether to set aside its previous order denying the motion to suppress is within the discretion of the trial court,[11] and we find no abuse here.[12]

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MAY 22, 2007 —
RECONSIDERATION DENIED JUNE 26, 2007.

Thomas K. Schramm, *pro se.*
*Lee Darragh, District Attorney, Matthew C. Dalrymple, Assistant District Attorney*, for appellee.

---

[8] (Citation and footnote omitted.) *Jackson v. State*, 280 Ga. App. 716-717 (634 SE2d 846) (2006).

[9] OCGA § 24-4-8; *Taylor v. State*, 282 Ga. App. 469, 470 (1) (638 SE2d 869) (2006).

[10] See generally *Jackson*, supra.

[11] *Huntley v. State*, 244 Ga. App. 212, 214 (2) (535 SE2d 270) (2000).

[12] See Divisions 1, 2, and 4, supra.