A93A1953. LEOTA PROPERTIES, LTD. v. BANK ONE
LEXINGTON, N.A.
(441 SE2d 920)

COOPER, Judge.

This is an appeal from an order confirming the sale of real property. Acting under a power of sale provision, appellee foreclosed on property secured by certain deeds to secure debt given by appellant to appellee which totaled approximately $1,900,000. Appellee was the sole bidder at the foreclosure sale and purchased the property for $635,000. Thereafter, appellee petitioned the court for confirmation of the sale. The parties stipulated that the foreclosure sale and all other matters related to the foreclosure were technically correct, leaving for resolution by the trial court whether or not the price bid by appellee was equivalent to the fair market value of the property. In support of its valuation, appellee submitted evidence which assessed the value of

the land at $490,000 and a two-story building thereon at $145,000. Relying on a recent county tax appraisal which assessed the value of the property at $2,004,350 and a recent $1,500,000 listing of the property by a realty company, appellant contended that the fair market value of the property greatly exceeded $635,000. Appellant intended to also rely on the testimony and appraisal report of Robert Crabtree, an appraiser from Kentucky. Appellee moved to exclude both the testimony and report on the theory that Crabtree could not testify as an expert as to the value of the property because he was not licensed in Georgia and therefore his appraisal was illegal. The trial court agreed and only permitted Crabtree to testify as a lay person, precluding any testimony by Crabtree as to the value of the property. Upon a finding that appellee's valuation was unrebutted, the court confirmed the sale. In its order, the trial court explained that the evidence was excluded based on OCGA § 43-39A-24 which prohibits "anyone [from engaging] in real estate appraisal activity in this state without first obtaining an appraiser classification as provided in this chapter." Appellant enumerates as error the trial court's exclusion of the appraisal report and the testimony of Robert Crabtree. He argues that such evidence should have been allowed under OCGA § 43-39A-24 (b) (5). We agree.

OCGA § 43-39A-24 (a) provides, in relevant part, that "it shall be unlawful for anyone to engage in real estate appraisal activity in this state without first obtaining an appraiser classification as provided in this chapter." Subsection (b) enumerates exceptions, including, "any person who testifies to the value of real estate or real property in the courts of this state." OCGA § 43-39A-24 (b) (5). Subsection (c) states that "[t]he exceptions provided by subsection (b) of this Code section shall not apply to any person who holds an appraiser classification." Appellee argues that Crabtree's testimony as to the value of real property is excluded by subsection (c) because Crabtree holds an appraiser classification, albeit from Kentucky.

"It is, of course, fundamental that the cardinal rule to guide the construction of laws is, first, to ascertain the legislative intent and purpose in enacting the law, and then to give it that construction which will effectuate the legislative intent and purpose. Although the legislative intent prevails over the literal import of words, where a constitutional provision or statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms. In other words the language being plain, and not leading to absurd or wholly impracticable consequences, it is the sole evidence of the ultimate legislative intent. Where the language of a statute consists of common, ordinary words, and there is nothing to show that any unusual meaning is to be attached thereto, the court cannot

deny the language its ordinary, usual signification; nor is the court required to give the language a forced and strained interpretation." (Citations and punctuation omitted.) *U. S. Fire Ins. Co. v. Hilde*, 172 Ga. App. 161, 162 (1) (322 SE2d 285) (1984).

Viewed in context, the words "an appraiser classification *as provided in this chapter*" from OCGA § 43-39A-24 (a) define and limit the reference to "an appraiser classification" in subsection (c). (Emphasis supplied.) OCGA § 43-39A-2 defines various terms used in this chapter of the Code, and it supports this conclusion. Subsection (6) of that Code section defines "Appraiser classification" as "any category of appraiser which the board creates . . ." and subsection (7) defines "Board" to mean "the Georgia Real Estate Appraisers Board. . . ." The words "any person who holds an appraiser classification" in OCGA § 43-39A-24 (c) therefore necessarily refer *only* to a person who holds such a classification issued by the Georgia Real Estate Appraisers Board. In other words, the exceptions provided by subsection (b) do not apply to any person holding an appraiser classification obtained in Georgia, but they do apply to persons holding appraiser classifications from other states, just as they apply to persons who do not hold an appraiser classification from any jurisdiction.

Appellee's analysis would require any individual holding an appraiser classification from another state to obtain a Georgia appraiser classification before engaging in *any* of the activities described in the seven numbered exceptions in subsection (b). For example, subsection (b) (4) grants an exception for corporate officers and other business owners in expressing "an opinion of value on real estate or real property leased or to be acquired by such owner." Under appellee's construction of the statute, anyone who otherwise would qualify for this exception would be ineligible if he or she held an appraiser classification under the laws of another state.

This Code section was amended to add subsection (c) in 1992. Obviously, there was a purpose for that amendment. If that purpose had been to make the exceptions of subsection (b) inapplicable to individuals holding appraiser classifications or like credentials from other states, it would have explicitly said so. Instead, the amendment uses language contained in the definitional section of this chapter of the Code. We must give effect to that language.

This chapter of the Code contains provisions relating, among other things, to such matters as fees for appraiser examinations, issuance of appraiser classifications, discipline of appraisers, hearings, and penalties for violations. It appears that the true purpose of subsection (c) was to make it clear that someone holding a Georgia appraiser classification is not exempt from the full panoply of regulatory provisions contained in this chapter simply because that person performs duties that otherwise would come within the exceptions de-

scribed in subsection (b).

Moreover, individuals who testify as to the value of real estate under OCGA § 43-39A-24 (b) (5) without a Georgia appraisal classification do not violate OCGA §§ 43-39A-25 and 43-39A-26. Appellee argues that Crabtree was retained to come to Georgia, first, to perform a real estate appraisal and second, to testify in court and that his performance of an appraisal in this state without first obtaining a Georgia appraiser classification constituted real estate appraisal activity prohibited by OCGA §§ 43-39A-25 (a) and 43-39A-26. However, anyone testifying as to the value of property under OCGA § 43-39A-24 (b) (5) would be expected to engage in "real estate appraisal activity," as broadly defined in OCGA § 43-39A-2 (15), in the formulation of a reasoned opinion as to the value of property. "[A] statute shall be construed so as to give full force and effect to all of its provisions and so as to reconcile any apparent conflicts. [Cits.]" *Head v. H. J. Russell Constr. Co.*, 152 Ga. App. 864, 865 (264 SE2d 313) (1980). The legislature could not have intended to subject those who are permitted to testify as to the value of real estate under subsection (b) (5) to criminal penalties (OCGA § 43-39A-26) based on their performance of a pre-trial valuation of real estate in preparation for their testimony. Nor would one expect that a person could testify as to the value of real estate without first engaging in some preliminary process of valuation. Furthermore, there is no evidence that Crabtree was retained to come to Georgia, first, to perform a real estate appraisal for a fee and second, to testify in court. The evidence shows, and appellee would concede, that Crabtree performed this single analysis *after* the initiation of the confirmation process solely to support appellant's position that the value of the property exceeded the foreclosure sale price, and the appraisal was not performed as a guise to enable Crabtree to otherwise operate as an appraiser in this state and avoid the certification requirements of the Act, as argued by appellee.

Based on the foregoing, we conclude that under OCGA § 43-39A-24 (b) (5), Crabtree's testimony as to the value of the property was admissible in the confirmation hearing; thus, the trial court erred in excluding the testimony and the appraisal report.

*Judgment reversed. Pope, C. J., McMurray, P. J., Birdsong, P. J., Andrews, Johnson, Blackburn and Smith, JJ., concur. Beasley, P. J., dissents.*

BEASLEY, Presiding Judge, dissenting.

I respectfully dissent. Plaintiff is asking the courts to judicially recognize, as a matter of law, the competency of out-of-state real estate appraisers as experts. The appraiser in this particular instance, an MAI appraiser licensed in Kentucky, is not licensed in Georgia by the Georgia Real Estate Appraisers Board as required by OCGA § 43-

39A-9 for nonresidents. Yet he has conducted a professional appraisal in Georgia, OCGA § 43-39A-2 (2) and (15), for which it may be assumed he was paid, and is offered by his client as an expert witness on the subject. The purpose is to give an appraisal report, OCGA § 43-39A-2 (3), so as to prove the property's market value. In these matters, he is clearly acting as a real estate appraiser. The nonresident licensing section does not exempt him from compliance with its requirements because he is merely offered as an expert witness.

Persons who testify to the value of real estate in Georgia courts, except those who hold appraiser classification, need not first obtain an appraiser classification. OCGA § 43-39A-24 (b) (5). This exception dovetails with OCGA § 24-9-66, which conditions such opinion testimony of non-experts on the "opportunity for forming a correct opinion." The evidentiary rule applies to real estate evaluation. *DeKalb County v. Queen*, 135 Ga. App. 307, 308 (1) (217 SE2d 624) (1975); *Dept. of Transp. v. Brown*, 155 Ga. App. 622, 623 (2) (271 SE2d 876) (1980). "Appraiser classification" means "any category of appraiser which the board creates by designating criteria for qualification for such category and by designating the scope of practice permitted for such category." OCGA § 43-39A-2 (6).

The expert here does not hold a Georgia appraiser classification, although he holds such a classification in Kentucky. The out-of-state classification is recognized under the law in Georgia as a matter of comity, through the simple expedient of applying for the Georgia classification; being willing to accept service of process in Georgia and abide by Georgia's rules, regulations, and laws related to real estate activity; proving his own state's official appraiser classification; agreeing to cooperate with the board in any investigation; and paying a fee. OCGA § 43-39A-9.

He need not meet the rigorous educational requirements of OCGA § 43-39A-8. If he had to do this, such a requirement might be regarded as some indication that the legislature did not intend that a foreign expert witness in a single court proceeding be Georgia-licensed. But Georgia appraiser classification for a foreign appraiser is a simple, non-onerous, speedy process; the applicant "may obtain a[n appraiser classification] at the time of filing an application." OCGA § 43-39A-9 (c).

There is nothing in OCGA § 43-39A-24 (c) which expressly excludes foreign appraisers or limits it to Georgia appraisers. Subsection (c) states that the exceptions do not apply "to any person who holds an appraiser classification." In OCGA § 43-39A-9, part of the same chapter governing real estate appraisers, the law recognizes and regulates persons who have "an appraiser classification in another state."

Such foreign appraiser is thus a person "who holds an appraiser classification." Plaintiffs cannot both offer the witness as a profes-

sional appraiser and at the same time contend that he does not hold an appraiser classification; they must rely on his foreign classification as a base for the establishment of his competency. It is just as inconsistent a construction of the Act as would be the allowance of his expert testimony in a Georgia court but the disallowance of his recovery of his fee for doing so, in a Georgia court. See OCGA § 43-39A-17 regarding civil actions to collect compensation.

An out-of-state appraiser, who for valuable consideration engages in real estate appraisal activity, OCGA § 43-39A-2 (5), is excluded from § 43-39A-24 (b) (5) by subsection (c). The trial court was correct.

DECIDED MARCH 18, 1994.

*Davis, Kirsch & Wolfe, Dock H. Davis*, for appellant.
*C. Terry Blanton*, for appellee.

