## A01A2032. VEAL v. THE STATE.
(559 SE2d 144)

POPE, Presiding Judge.

Bennie Veal was convicted by a jury of driving under the influence of alcohol in violation of OCGA § 40-6-391 (a) and endangering a child contrary to OCGA § 40-6-391 (l). Here he appeals, and for the following reasons, we affirm.

Evidence at trial showed that on May 28, 2000, Floyd County Police Officer Barry Sutton saw a vehicle with a burned-out taillight make a turn. He initiated a traffic stop of the car. As Sutton approached the vehicle, he smelled a strong odor of alcohol coming from the driver, Veal. Veal, who was accompanied in the front seat by his nine-year-old daughter, told Sutton that he had consumed several drinks that afternoon.

Officer Sutton had Veal blow into an alco-sensor, and after getting a positive reading from that, Sutton administered a series of field sobriety tests. After observing Veal perform, Sutton thought that Veal was under the influence of alcohol and that his driving was impaired. Sutton testified that Veal was very uncoordinated and that his speech was slightly slurred.

Sutton placed Veal under arrest and read him the implied consent rights. Veal agreed to take a breath test; Sutton testified about his qualifications in conducting tests on the machine. Veal registered 0.14 on the Intoxilyzer 5000. Sutton testified that in his opinion Veal was less safe to operate a motor vehicle. The jury then watched a videotape of the traffic stop.

Veal testified that although he had consumed a couple of mixed drinks and several beers earlier in the day, he did not think that the alcohol affected his driving ability. Veal called Patrick Demers as an expert witness.

1. During Officer Sutton's testimony, the State introduced into evidence a certified copy of the manufacturer's certificate of calibration of the Intoxilyzer, dated April 4, 2000, as well as the state certificates of inspection of the machine for before and after the date of the crimes. In response to these three State exhibits, Veal raised a general hearsay objection. He did not specify the particular document to which he objected, nor did he otherwise clarify the basis for his objection.

In his first enumeration of error, Veal claims that the trial court erred in admitting over objection the certificate of calibration by the Intoxilyzer's manufacturer. Veal claims that the State failed to lay an adequate foundation for this exhibit and that unlike the two other exhibits regarding inspection of the machine, the objectionable document was not authorized by OCGA § 40-6-392 (f).

Pretermitting whether Veal's objection at trial properly pre-

served this issue for our review, we find no harmful error. In *Diaz v. State*, 245 Ga. App. 380, 382 (3) (537 SE2d 784) (2000), this court concluded that the trial court did not err in admitting the manufacturer's certification of the Intoxilyzer's calibration. We reach the same result in this case. See generally *Gutierrez v. State*, 228 Ga. App. 458 (1) (491 SE2d 898) (1997). Moreover, any alleged error in admitting this document would have been harmless given that the other documents certifying that the machine was in proper working order were properly admitted under OCGA § 40-6-392 (f). See *Jackson v. State*, 233 Ga. App. 568, 569 (2) (a) (504 SE2d 505) (1998); see also *Brown v. State*, 268 Ga. 76 (485 SE2d 486) (1997).

2. In his second enumeration, Veal claims that the court erred in *initially* declining to recognize his proffered witness, Demers, as an expert on the Intoxilyzer. When the defense first offered Demers as an expert, the State objected on the basis that the foundation was insufficient; the court sustained the objection. The expert then testified regarding his familiarity with the machine, and based on this testimony, the court allowed him to testify.

The decision to admit or exclude expert testimony rests in the sound discretion of the trial court. *Reddin v. State*, 223 Ga. App. 148, 152 (5) (476 SE2d 882) (1996). We find no abuse of the court's discretion in requiring further testimony from Demers before allowing him to testify in this regard, nor do we find any impropriety in the court's handling of this matter.

Veal also argues that the trial court erred in refusing to allow Demers to state his opinion on the accuracy of the State's test of Veal's breath. The court upheld the State's objection to Demers testifying with respect to the specific machine used to test Veal, and, again, we find no error.

We find that a rational trier of fact could find from the evidence adduced at trial proof of Veal's guilt beyond a reasonable doubt of driving under the influence of alcohol and of endangering a child by driving under the influence of alcohol. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED JANUARY 23, 2002.

*James S. Garner III*, for appellant.
*Tambra P. Colston, District Attorney, John F. McClellan, Jr., Fred R. Simpson, Assistant District Attorneys*, for appellee.