## A06A1162. NEAL v. THE STATE.
(635 SE2d 864)

BARNES, Judge.

Jason Arthur Neal appeals his conviction for DUI. Neal contends that the trial court erred in denying his motion to suppress the certificates of inspection based upon the violation of his constitutional right to confront witnesses against him and in not giving a limiting charge on the use for which the certificates of inspection could be considered by the jury. For the reasons stated below, we affirm Neal's convictions.

A deputy sheriff stopped Neal for speeding and detected an odor of alcohol on Neal's breath. The deputy also noticed that Neal slurred his speech, had glazed and watery eyes, and that when Neal exited the vehicle, his walk was unstable. The deputy asked Neal if he consumed alcohol before driving, and Neal admitted to drinking two beers.

The deputy asked Neal to blow into a hand-held alco-sensor, which registered positive for the presence of alcohol. He then asked

Neal to perform the walk and turn and the leg lift sobriety tests. The deputy testified that Neal was unable to perform either test. He testified that based on his training, experience, and observations of Neal, he was able to form the opinion that Neal was less safe to drive an automobile. The deputy placed Neal under arrest and read him the Georgia implied consent warnings. Neal submitted to the State's breath test on the Intoxilyzer 5000, which the deputy was trained in the operation of and permitted to operate.

The deputy testified that he used the same Intoxilyzer 5000 on other people before and after Neal's arrest and that it appeared to be in good working order. He also testified that the Intoxilyzer 5000 was periodically checked and calibrated in the ordinary course of the sheriff's department business, and that records of these inspections were kept with the machine. The deputy administered the Intoxilyzer 5000 test approximately 40 minutes after he stopped Neal for speeding, and Neal's lowest breath sample revealed an alcohol concentration of 0.109 grams. The deputy testified that Neal did not have anything to eat, drink, or smoke during the 40 minutes before the test that could interfere with the test's results.

The trial court ruled that the certificates of inspection and test results, applicable to the Intoxilyzer 5000 used to measure the alcohol concentration of Neal's breath, were not testimonial or prepared in anticipation of litigation, and were not in violation of Neal's rights. The documents were admitted at trial over Neal's continuing objections.

Neal asked the trial court to give the jury a limiting instruction on the use of the certificates of inspection, but the trial court refused to do so. The jury returned a verdict acquitting Neal of DUI less safe, but convicting Neal on DUI per se. OCGA § 40-6-391 (a) (5) states: "A person shall not drive or be in actual physical control of any moving vehicle while . . . [t]he person's alcohol concentration is 0.08 grams or more at any time within three hours after such driving or being in actual physical control from alcohol consumed before such driving or being in actual physical control ended."

1. At trial, the State produced self-authenticating certificates of inspection for the Intoxilyzer 5000 used to test Neal's breath, as required by OCGA § 40-6-392 (f),[1] and qualified the certificates as

---

[1] Each time an approved breath-testing instrument is inspected, the inspector shall prepare a certificate which shall be signed under oath by the inspector and which shall include the following language: "This breath-testing instrument (serial no. ___) was thoroughly inspected, tested, and standardized by the undersigned on (date ___) and all of its electronic and operating components prescribed by its manufacturer are properly attached and are in good working order." When properly

business records under OCGA § 24-3-14.[2] Neal argued that admitting these certificates into evidence violated his Sixth Amendment right to confrontation. Our Supreme Court rejected this argument in *Brown v. State*, 268 Ga. 76 (485 SE2d 486) (1997).[3] In that case, the court held that breath-testing device certificates were records made within the regular course of business within the meaning of OCGA § 24-3-14 and may, upon the proper foundation being laid, be introduced into evidence under the business record exception to the hearsay rule. The court further held that OCGA § 40-6-392 (f) did not offend a defendant's right of confrontation because the certificates were admissible under the firmly rooted hearsay exception for business records. Id. at 76, 80-81.

A certificate of inspection of a breath test instrument does not implicate the confrontation clause of the Constitution because the declarant is not a witness against a criminal defendant within traditional constitutional analysis, and because the certificate of inspection falls within a well-recognized exception to the hearsay rule. *Jackson v. State*, 233 Ga. App. 568, 571 (2) (504 SE2d 505) (1998). "The general assembly determined that, notwithstanding any other provision of law . . . , a certificate of inspection is self authenticating when it is prepared and executed, as prescribed in [OCGA § 24-3-14]." (Citation and punctuation omitted.) Id. at 572 (2) (b). Under the statute, the foundation for the admission of such certificate is: (1) the certificate is signed under oath by the inspector; and (2) the certificate contains the requisite language of OCGA § 40-6-392 (f). Id. Both of these requirements were satisfied by the certificates introduced into evidence in this case.

Neal erroneously relies on *Crawford v. Washington*, 541 U. S. 36, 68-69 (124 SC 1354, 158 LE2d 177) (2004), which held that where

---

prepared and executed, as prescribed in this subsection, the certificate shall, notwithstanding any other provision of law, be self-authenticating, shall be admissible in any court of law, and shall satisfy the pertinent requirements of paragraph (1) of subsection (a) of this Code section. . . .

[2] . . . (b) Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event shall be admissible in evidence in proof of the act, transaction, occurrence, or event, if the trial judge shall find that it was made in the regular course of any business and that it was the regular course of such business to make the memorandum or record at the time of the act, transaction, occurrence, or event or within a reasonable time thereafter. (c) All other circumstances of the making of the writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight; but they shall not affect its admissibility. . . .

[3] See also *Rackoff v. State*, 275 Ga. App. 737 (621 SE2d 841) (2005) (holding that a certificate of inspection was simply a record made in the regular course of business and not testimonial hearsay); *Madden v. State*, 252 Ga. App. 164 (555 SE2d 832) (2001) (holding that OCGA § 40-6-392 did not violate defendant's right of confrontation).

testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is confrontation. In that case, the U. S. Supreme Court ruled that the State's admission of a testimonial statement against the accused, when the accused had no opportunity to cross-examine the witness, was a violation of the Sixth Amendment. Id. at 68. In *Crawford*, the Court refused to define testimonial, and instead said that the term applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial. Id. However, this Court has previously held that business records by their nature are not testimonial statements. *Rackoff v. State*, 275 Ga. App. 737, 741 (621 SE2d 841) (2005) (citing *Crawford*, 541 U. S. at 56). Unlike the testimony in *Crawford*, the certificates of inspection in this case, which were made within the regular course of business, are a recognized exception to the hearsay rule, and do not violate Neal's right to confrontation. See *Brown*, supra, 268 Ga. at 76, 80; *Madden v. State*, supra, 252 Ga. App. 164, 165 (555 SE2d 832) (2001); *Jackson*, supra, 233 Ga. App. at 571.

2. Neal's contention that the trial court erred by not giving his requested charge limiting the purposes for which the jury could consider the certificates is also without merit. The inspection certificates in this case were neither tendered nor admitted into evidence for a limited purpose. The trial judge specifically stated that it was his discretion as to whether or not he was going to limit the evidence, and he decided to admit the information without limiting it. Although Neal contends that the trial court erred by refusing to give his charge limiting the purpose or use for which the jury could consider the certificates, he presents no argument, reference to the record, nor citations of authority as to this contention. Accordingly, we deem this enumeration of error abandoned under Court of Appeals Rule 25 (c) (2).[4] See *Wilkie v. State*, 153 Ga. App. 609 (1) (266 SE2d 289) (1980) (holding that enumerations were abandoned by the appellant for failure to support them by argument or citation of authority, and that "[a] mere statement of what occurred at trial, and the contentions of the appellant, do[ ] not constitute an argument in support of such contentions") (citation omitted).

Even if Neal did not abandon this error, this Court held in *Brison v. State*, 248 Ga. App. 168, 169 (4) (545 SE2d 345) (2001), that "unless requests to charge are correct, even perfect, a refusal to give them is not reversible error." Accordingly, the trial court did not err in

---

[4] "Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned."

refusing to give the limited jury charge that Neal requested, because the certificates were not in fact admitted into evidence for a limited purpose.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED AUGUST 24, 2006.

*Elmer H. Young III*, for appellant.

*Dennis C. Sanders, District Attorney, Durwood R. Davis, Assistant District Attorney*, for appellee.