922 A.2d 766 (2007)
393 N.J. Super. 28
STATE of New Jersey, Plaintiff-Respondent,
v.
James DORMAN, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted January 31, 2007.
Decided May 11, 2007.
*767 Stefankiewicz & Barnes, attorneys for appellant (David A. Stefankiewicz, of counsel and on the brief).
Robert L. Taylor, Cape May County Prosecutor, attorney for respondent (J. Vincent Molitor, Assistant Prosecutor, of counsel and on the brief).
Before Judges CUFF, FUENTES and BAXTER.
The opinion of the court was delivered by
FUENTES, J.A.D.
Defendant James Dorman was convicted of driving while intoxicated (DWI), N.J.S.A. 39:4-50, by the Wildwood Crest Municipal Court. In response to his petition for a trial de novo, the Law Division again found him guilty of DWI, and imposed the minimum sentence applicable to first-time offenders. Defendant now appeals raising the following arguments.
POINT I
THERE WAS NO REASONABLE AND ARTICULABLE BASIS FOR THE STOP(S).
POINT II
THE BREATHALYZER RESULTS SHOULD NOT HAVE BEEN ADMITTED.
A. THE STATE FAILED TO ADHERE TO THE PROTOCOL OF BANNING HAND HELD TRANSMITTERS FROM ANY AREA IN CLOSE PROXIMITY TO THE BREATHALYZER.
B. THE STATE DID NOT PROVE THAT IT WAS IN COMPLIANCE WITH OTHER PROTOCOLS IN THE ADMINISTRATION OF THE BREATHALYZER TESTS, NAMELY THE TWENTY MINUTE OBSERVATIONAL PERIOD.
C. THE BREATH TESTING INSTRUMENT INSPECTION CERTIFICATES SHOULD NOT HAVE BEEN ADMITTED OVER DEFENSE OBJECTION.
POINT III
THE STATE DID NOT PROVE BEYOND A REASONABLE DOUBT THAT DORMAN OPERATED HIS MOTORCYCLE IN VIOLATION OF N.J.S.A. 39:4-50.
We reject these arguments and affirm substantially for the reasons expressed by Judge Alvarez in her opinion delivered from the bench on December 1, 2005. Notwithstanding the Supreme Court's holding in Crawford v. Washington, 541 U.S. 36, 68-69, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177, 203 (2004), we hold that a breathalyzer machine certificate of operability offered by the State to meet its burden of proof under State v. Garthe, 145 N.J. 1, 678 A.2d 153 (1996), remains admissible as a business record under N.J.R.E. 803(c)(6).
We summarize the following facts from the evidence presented at the trial.
At or near midnight on September 10, 2004, Corporal Edward M. Gorski of the Wildwood Crest Police Department observed two men on motorcycles stopped at an intersection. Defendant was one of those men. At one point, defendant spun the motorcycle's back wheels, "creat[ing] a white cloud of smoke." When the traffic light turned green, defendant and his fellow rider accelerated from the scene, passing the stationary Gorski "at a high rate of speed," exceeding, in Gorski's judgment, *768 the applicable twenty-five miles per hour limit.
Gorski activated the overhead lights and sirens on his marked police car, and headed toward defendant to "initiate a motor vehicle stop." Gorski eventually pulled into a driveway where he saw defendant again burning the back wheels of his motorcycle causing it to turn in a 360-degree motion. Gorski radioed for backup, walked to where defendant was now standing with his motorcycle, and requested that defendant produce his driving credentials.
As he complied, defendant asked Gorski to show leniency, stating, "I live right here, you can cut me a break." At this point, Gorski noted a strong odor of alcohol on defendant's breath, and his speech was slurred. Defendant was also unsteady on his feet, almost falling as he got off the motorcycle. Gorski then requested that he perform certain physical tests intended to assess his level of sobriety. Defendant was unable to complete the test that required him to stand with his feet close together, and put his head back with his eyes closed for approximately five to seven seconds. Additionally, he was unable to walk heel to toe for seven steps. Finally, defendant admitted that he had consumed between four and six beers commencing around 9:00 p.m. He waited approximately fifteen minutes between each beer. Based on these observations, Gorski concluded that he had sufficient probable cause to arrest defendant for DWI.
Defendant was transported to the police station for the administration of a breathalyzer test. Gorski testified that he followed the established protocol for the proper operation of the machine. The two tests performed on defendant revealed a blood alcohol content (BAC) of .14.
Against these facts, we are satisfied that defendant's arguments in Points I and III, challenging the propriety of the initial motor vehicle stop, and questioning the court's finding on operation of the motorcycle, lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). Defendant also challenges the admissibility of the breathalyzer test results based on Gorski's alleged failure to observe him for twenty minutes prior to the administration of the test. This argument is without merit.
In State v. Downie, 117 N.J. 450, 455-56, 569 A.2d 242 (1990), cert. denied, 498 U.S. 819, 111 S.Ct. 63, 112 L.Ed.2d 38 (1990), the Supreme Court noted that "for the breathalyzer to give readings that can be used with confidence, the operator must be sure that at least twenty minutes have expired since the last ingestion of alcohol to avoid the presence of `mouth' alcohol, which can give a falsely high reading." Here, Judge Alvarez emphasized that

[t]his incident began when the officer made his initial observation at 11:54 [p.m.]. The breathalyzer tests were administered at 12:59 [a.m.] and 12:22 [a.m.] respectively, at the police station minutes away from where the [motor vehicle] stop was made. I don't think the fact the police expert did not testify in any way impacts on my conclusion that the breathalyzer tests were properly administered by a qualified operator on a machine that was in proper working order and subject to period certifications.
[(Emphasis added.)]
Thus, defendant was subject to direct police observation from 11:54 p.m. up to and including the time when the two breathalyzer tests were performed. This directly establishes that defendant did not have any opportunity to ingest alcohol for considerably more than twenty minutes prior to the administration of the *769 tests. We find no legal basis to disturb these findings, and the legal conclusions flowing therefrom. State v. Locurto, 157 N.J. 463, 471, 724 A.2d 234 (1999).
We now turn to defendant's challenge of the State's use of certificates of operability to meet its burden of proof under Garthe, supra, 145 N.J. at 13-14, 678 A.2d 153. Under Garthe, the State must establish that the breathalyzer machine used to perform the two tests upon defendant was in proper working order at the time. Ibid. Here, the State offered into evidence two certificates of operability showing that the particular breathalyzer machine used had been tested by the State Police Breath Test Unit, and found to be in good working order, both prior and subsequent to defendant's arrest. Certificate number 127-04 was issued on August 11, 2004, one month prior to the date of defendant's arrest; certificate number 128-04 was issued on October 6, 2004, less than a month after the arrest.
Defendant argues that the trial court's reliance on these certificates violated his right of confrontation under Crawford, supra, 541 U.S. at 68-69, 124 S.Ct. at 1374, 158 L.Ed.2d at 203. We disagree.
In Crawford, the United States Supreme Court determined that when "testimonial evidence" is at issue, dispensing with confrontation solely because testimony is deemed reliable is violative of the Sixth Amendment to the United States Constitution. State v. Renshaw, 390 N.J.Super. 456, 462-63, 915 A.2d 1081 (App.Div.2007) (citing Crawford, supra, 541 U.S. at 68-69, 124 S.Ct. at 1374, 158 L.Ed.2d at 203).
Thus, in Renshaw, we held that a blood test certificate issued pursuant to N.J.S.A. 2A:62A-11 is "testimonial" under Crawford, and therefore triggers a defendant's right to confrontation. Id. at 467, 915 A.2d 1081. Similarly, in State v. Kent, 391 N.J.Super. 352, 354-55, 918 A.2d 626 (App. Div.2007), we reaffirmed our holding in State v. Berezansky, 386 N.J.Super. 84, 94, 899 A.2d 306 (App.Div.2006), that a State Police chemist's laboratory report is "testimonial" under Crawford, and thus cannot be used in lieu of presenting the testimony of the chemist who actually performed the test.
These decisions have a common element triggering a defendant's right of confrontation: the State's use of a document created for the specific purpose of establishing an essential element of the offense. By contrast, the certificates of operability at issue here were not created with any specific case in mind. These operability certificates are intended to document the regular business function of maintaining a particular breathalyzer machine. As such, these documents are properly admissible as a business record under N.J.R.E. 803(c)(6).
Other jurisdictions that have considered this issue have come to a similar conclusion.[1] Our appellate colleagues in New *770 York succinctly expressed the underlying rationale supporting the application of the business record exemption:
The certificates were prepared in the course of the certifier's routine official duties and "systematically" produced "in the conduct of . . . business" . . . to fulfill an official mandate that the machines be maintained in working order. Although prepared, to an extent, in recognition of their necessity in the event of litigation and constituting a part of the foundational predicate for the admission of BAC test evidence, the certificates did not result from structured police questioning, they were not created at official request "to gather incriminating evidence against a particular individual."
[People v. Lebrecht, 13 Misc.3d 45, 823 N.Y.S.2d 824, 827-28 (App. Term 2006) (internal citations omitted).]
Finally, we note that the Law Division reached a similar conclusion in State v. Godshalk, 381 N.J.Super. 326, 333, 885 A.2d 969 (Law Div.2005). We approve the holding in Godshalk to the extent that it is consistent with the conclusion we reach here.
Affirmed.
NOTES
[1] See Neal v. State, 281 Ga.App. 261, 635 S.E.2d 864, 866 (2006) (holding certificates of inspection of a breathalyzer were non-testimonial business records); Jarrell v. State, 852 N.E.2d 1022, 1026-27 (Ind.Ct.App.2006) (holding that certifications of a breath-test machine are non-testimonial because they are not prepared for any specific defendant or any specific litigation); Commonwealth v. Walther, 189 S.W.3d 570, 575 (Ky.2006) (holding that certified records of maintenance are non-testimonial and are not prepared for any particular defendant); State v. Fischer, 272 Neb. 963, 726 N.W.2d 176, 183 (2007) (holding that a simulator solution certificate was non-testimonial, as it "was prepared in a routine manner without regard to whether the certification related to any particular defendant"); State v. Huu The Cao, 175 N.C.App. 434, 626 S.E.2d 301, 305 (in a similar context, holding that laboratory reports are non-testimonial business records when "the testing is mechanical" and objective, as opposed to the subjective analysis of a specific defendant), review denied, 634 S.E.2d 537 (N.C. 2006); State v. Norman, 203 Or.App. 1, 125 P.3d 15, 19-20 (2005) (holding that the certifications of accuracy of the breathalyzer machine are non-testimonial business records free from Confrontation Clause scrutiny), review denied, 340 Or. 308, 132 P.3d 28 (2006).